IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BES DESIGN BUILD, LLC,** | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | *  CIVIL ACTION NO. 17-00515-CG-B |
| **HARRELL DESIGN GROUP, PC,** | * |
| | * |
| Defendant. | * |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff BES Design Build, LLC's Motion to Remand. (Doc. 13). The motion, which has been fully briefed, has been referred to the undersigned Magistrate Judge for entry of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. CivLR 72(a)(2)(S). Upon consideration of the parties' briefs, the undersigned **RECOMMENDS** that Plaintiff's Motion to Remand be **DENIED**.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff BES Design Build, LLC ("BES"), is a limited liability company that conducts business in Baldwin County, Alabama.[1] (Docs. 1 at 3; 1-2 at 2). BES was awarded a contract with the Department of Veterans Affairs. The contract provided that BES would serve as the General Contractor for the renovation of the 3B Stepdown Clinic at the Fayetteville Veterans Health Care of the

---

[1] Plaintiff's corporate disclosure statement identifies William Bolton, Joseph Banach, and Roscoe Chambers as members of the LLC. (Doc. 6).

Ozarks in Fayetteville, Arkansas. (Doc. 1-2 at 2). Harrell Design Group, PC ("Harrell"), is a foreign professional corporation incorporated in North Carolina, with its principal place of business in Charlotte, North Carolina. (Docs. 1 at 3; 1-2 at 2). Harrell was also awarded a contract with the Department of Veterans Affairs. (Doc. 1-2 at 2). Under the contract, Harrell was to provide architectural and design services on the project in Fayetteville, Arkansas ("the Project"), and BES would, in turn, use the designs and specifications provided by Harrell to complete the Project. (Id.).

BES filed the instant action against Harrell on October 17, 2017, in the Circuit Court of Baldwin County, Alabama. (Doc. 1-2). BES alleges breach of contract, tortious interference with a business relationship, negligence/wantonness, and misrepresentation. (Doc. 1-2 at 1-5). According to BES, it has "experienced, and is still experiencing, numerous delays due to the errors and omissions of Harrell with regard to its work on the Project done pursuant to their contract work with the Government." (Id. at 3). BES maintains that some of Harrell's errors and omissions include, but are not limited to: an omission of asbestos documentation; errors and omissions of the sanitary sewer drawings and documentation for the second floor of the structure; errors and omissions due to a deficient nurse call-station specification; and errors and omissions due to poor due diligence. (Id.). BES

2

further avers that the alleged omissions and errors by Harrell have delayed the project by 356 days and that BES has sustained damages in the amount of $334,341.22 as a result. (Id.).

On November 22, 2017, Harrell removed this action from the Circuit Court of Baldwin County to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. (Doc. 1 at 1-2, 5). In its Notice of Removal, Harrell asserts that complete diversity of citizenship exists between it and BES, and that the amount in controversy requirement is satisfied because the damages alleged exceed $75,000. Thus, the requirements for this Court to exercise federal diversity jurisdiction are fulfilled. (Id. at 2-3).

In BES' Motion to Remand, it does not dispute that the parties are diverse and that the amount in controversy has been satisfied. Instead, BES contends that Harrell's removal of this action was untimely because the removal occurred more than thirty (30) days after Harrell was served with the summons and complaint. (Doc. 13 at 1). According to BES, Harrell was served on October 21, 2017; thus, Harrell had to remove this action by November 20, 2017, at the latest. (Id.). BES bases its service date on tracking information provided by the United States Postal Service's ("USPS") website. (Id. at 2-3; Doc. 13-3). The docket reflects that the summons and complaint were issued by the Clerk of the Baldwin County Circuit Court via certified mail using USPS. (Docs. 13 at 2; 13-2; 13-3). The USPS website reflects that the package

was initially processed at a USPS facility in Bay Minette, Alabama, on October 18, 2017. (Doc. 13-3). The final tracking entry reflects that, on October 21, 2017, the summons and complaint were "In transit to Destination" and "On its way to Charlotte, NC 28227". (Id.). BES asserts that this establishes that Harrell was served on October 21, 2017, and because Harrell did not remove this action until November 22, 2017, the removal was untimely, such that this Court is without jurisdiction. (Docs. 13 at 1; 1 at 5). Harrell, in turn, argues that the thirty-day removal period began to run on October 25, 2017; thus, this action was timely removed on November 22, 2017. (Doc. 16 at 1-2). Harrell bases its service date on a date stamp affixed to its copy of the summons and complaint, which indicates that the documents were received on October 25, 2017. (Doc. 1-3 at 1). According to Harrell, it is the standard practice at its North Carolina offices to stamp mail with the date stamp on the date on which the mail is received. (Docs. 16 at 3; 16-2 at 2).

## II.  STANDARD OF REVIEW

A removing defendant has the burden of proving proper federal jurisdiction. See Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008); Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005) ("In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists.") (citation omitted); McCormick v. Aderholt,

293 F.3d 1254, 1257 (11th Cir. 2002); Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Furthermore, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1092 (11th Cir. 2010) (internal quotes omitted).

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is (1) complete diversity of citizenship and (2) an amount in controversy greater than $75,000. See 28 U.S.C. § 1332(a). "Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." SUA Ins. Co. v. Classic Home Builders, LLC, 751 F. Supp. 2d 1245, 1252 (S.D. Ala. 2010) (quoting Roe, 613 F.3d at 1062). Courts may use judicial experience and common sense to determine whether the case stated in the complaint meets the requirements for federal jurisdiction. Id. Reliance on "speculation" is "impermissible."

5

Id. (citing Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 771 (11th Cir. 2010)).

Additionally, 28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

### III. ANALYSIS

Neither diversity of citizenship nor the amount in controversy is disputed. Therefore, the sole issue is whether Harrell timely removed this action.

As noted *supra*, a civil action may be removed to federal court within thirty (30) days of service of process on the defendant. See 28 U.S.C. § 1446(b). The Supreme Court has held that the removal window in § 1446(b) "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999). Thus, the thirty-day removal window cannot begin until an entity is

6

officially made a defendant through formal process. Murphy Bros., 526 U.S. at 347-48.

Upon consideration of the record evidence, the Court finds that BES' contention that Harrell's removal was untimely is without merit. As noted *supra*, BES contends that Harrell was served on October 21, 2017. (Doc. 13 at 1). To support its claim, BES included a screenshot of tracking information provided by USPS and argues that this establishes that Harrell received the summons and complaint on October 21, 2017. (Doc. 13-3). However, the last entry provided by the USPS tracking system for October 21, 2017 simply reads "In Transit to Destination" -- "On its way to Charlotte, NC 28227." (Id.). There is no USPS tracking information before the Court which reflects when the package was actually delivered to Harrell's North Carolina office. Thus, BES' argument that "there is no indication in the [USPS] tracking history of the Summons and Complaint that it was still In Transit as of October 22, 2017" and that "delivery and service was perfected on October 21, 2017" is misleading. The fact that there is no further tracking history fails to demonstrate when the package was actually delivered. Further, BES offers no explanation for why the phrase "in transit" should be construed as synonymous with "delivered." To find that the package was delivered on October 21, 2017, as BES asserts, would require the Court to engage in sheer speculation, which the

Court cannot do. This is particularly true given the evidence presented by Harrell.

Harrell has submitted a sworn affidavit by Lee Harrell, President and Chief Executive Officer of Harrell, wherein he maintains that the company is not open for business on Saturdays and Sundays; that because October 21, 2017 was a Saturday, the office was closed and no employees were present to sign for a package; and that Monday, October 23, 2017, was the next day the office was open. (Doc. 16-1 at 2-3). Additionally, Harrell has presented a sworn affidavit from an administrative assistant in its North Carolina office. She affirms that USPS only delivers mail to Harrell's principal address in North Carolina on Mondays through Fridays, and that she verified such by speaking with a USPS employee. (Doc. 16-2 at 2). Given these uncontested assertions contained in the aforementioned affidavits, the Court finds that the earliest date on which Harrell could have received the summons and complaint is October 23, 2017. Assuming, without deciding, that the complaint was received on October 23, the deadline to remove this action was November 22, 2017, which is the date on which Harrell filed its Notice of Removal.[2] (Doc. 1). Therefore,

---

[2] Under the Federal Rules of Civil Procedure, when computing time in days, one is directed to:

> (A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period

regardless of whether the summons and complaint were received on Monday, October 23, 2017, or Wednesday, October 25, 2017 (as Harrell contends), removal would be timely.[3] The Court, which is vested with the authority to make reasonable deductions and inferences, SUA Ins. Co., 751 F. Supp. 2d at 1252, credits the sworn affidavits provided by Harrell and finds that Harrell has met its burden of establishing that removal was timely in this action.

## IV.  CONCLUSION

For the reasons set forth above, the undersigned finds that Defendant has met its burden of establishing that its removal of this action was timely.  Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Motion to Remand (Doc. 13) be **DENIED**.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. §

---

continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Fed. R. Civ. P. 6(a)(1).

[3] Having determined that removal is proper regardless of whether the summons and complaint was received on Monday, October 21, 2017, or Wednesday, October 25, 2017, the Court need not engage in an analysis of the validity of the date stamp provided on Harrell's copy of the summons and complaint. (Doc. 1-3 at 1).

9

636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error, if necessary, "in the interests of justice." *11th Cir. R. 3-1*.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **29th** day of **June, 2018.**

                                                **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**